**Deny and Opinion Filed August 25, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00804-CV**

**IN RE JOHN JENNINGS, Relator**

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10253**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Nowell

Before the Court is relator's August 16, 2022 petition for writ of mandamus. In his petition, relator challenges the trial court's order denying his motion for summary judgment based on limitations.

To be entitled to mandamus relief, relator must show (1) the trial court clearly abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). Generally, mandamus relief is not available when a trial court denies a motion for summary judgment, regardless of the merits of the motion. *In re United Servs. Auto.*

*Ass'n*, 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding) (*USAA*); *In re McAllen Med.Ctr., Inc*., 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). "Only extraordinary circumstances will justify granting mandamus relief when a trial court erroneously denies a motion for summary judgment." *In re Ooida Risk Retention Grp., Inc*., 475 S.W.3d 905, 913 (Tex. App.—Fort Worth 2015, orig. proceeding).

After reviewing the petition and mandamus record, we conclude relator has not made such a showing. Accordingly, without expressing any opinion on the trial court's ruling on the motion for summary judgment, we deny relator's petition for writ of mandamus.

|  | /Erin A. Nowell/ |
|--|------------------|
|  | ERIN A. NOWELL |
| 220804f.p05 | JUSTICE |